**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLEOPHAS BRADLEY, JR.,
      Appellant,

    v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
CH-1221-15-0517-B-1

DATE: February 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Justin Randolph, Esquire, and Philip S. Holloway, Esquire, Chicago,
   Illinois, for the appellant.

Robert Gerleman, Grand Prairie, Texas, for the agency.

Nicholas R. Hankey, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

     The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which denied the appellant's request for corrective action in an individual right of action (IRA) appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED by this Final Order concerning the appellant's protected disclosures and to vacate the administrative judge's findings that the agency proved by clear and convincing evidence that it would not have selected the appellant for the Regional Director position absent his protected disclosures, we AFFIRM the initial decision.

## BACKGROUND

During the relevant time period, the appellant was employed by the agency as the Deputy Regional Director for Region 5 of the Federal Protective Service (FPS) in Chicago, Illinois. *Bradley v. Department of Homeland Security*, MSPB Docket No. CH-1221-15-0517-W-1, Initial Appeal File (IAF), Tab 1 at 1, 25. He filed an IRA appeal alleging that, in reprisal for his protected disclosures, the agency declined to select him for a promotion to Regional Director of Region 5 in or around March and December 2014 in connection with two separate vacancy announcements. IAF, Tab 1. The appellant's disclosures relate to the discovery of a backlog in suitability determinations by FPS for Protective Security Officers

(PSOs) working for contractor companies. *Id.* at 25-26. They also relate to an incident in Detroit, Michigan, in which a contract PSO, who did not have an up-to-date suitability determination, brought a suspicious bag containing an improvised explosive device (IED) into a Federal building. *Id.* at 25. This incident garnered national media attention and Congressional interest. *Id.*

This appeal was initially dismissed for lack of jurisdiction. IAF, Tab 19. However, on petition for review, the Board remanded the appeal, finding that the appellant nonfrivolously alleged that he made protected disclosures that were a contributing factor in his nonselections. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547 (2016); *Bradley v. Department of Homeland Security*, MSPB Docket No. CH-1221-15-0517-B-1, Remand File (RF), Tab 1. The Board found that the appellant nonfrivolously alleged that he made the following protected disclosures between March and August 2011:

(1) On March 22, 2011, the appellant forwarded to his supervisor a list of PSOs who did not have current suitability determinations and noted that 10 of the 47 PSOs involved in the Detroit IED incident had not received suitability determinations. The appellant's supervisor forwarded the email to the FPS Director and Deputy Director;

(2) On March 30, 2011, the appellant's supervisor reported to the FPS Deputy Director that he and the appellant had determined that 224 PSOs in Region 5 did not have current suitability determinations and 172 of those 224 were improperly working on contracts in the region;

(3) On May 10 and 18, 2011, the appellant's supervisor reported to the Assistant Director for Operations assigned to Region 5 (among others) that he and the appellant had determined that 224 PSOs in Region 5 did not have current suitability determinations and 172 of those 224 were working on contracts in the region;

(4) On May 18, 2011, the appellant told the FPS Director that the Detroit IED incident could not have occurred without some degree of negligence by FPS employees in Region 5 and that an internal investigation was being conducted;

(5) On July 13, 2011, the appellant commented to the Assistant General Counsel that the FPS Director had just "lied to Congress about the Detroit IED issue"; and

(6) On August 30, 2011, the appellant and his supervisor sent a memorandum to the FPS Director describing the details and chronology of the Detroit IED incident and the backlog of suitability determinations.

RF, Tab 1 at 5-6.

On remand, after holding a 4-day hearing, the administrative judge issued a remand initial decision, denying the appellant's request for corrective action. RF, Tab 41, Remand Initial Decision (RID). The administrative judge found that, although the appellant proved that disclosures (1) and (4) were protected, RID at 24-27, he failed to prove that they were a contributing factor in the agency's decisions not to select him as Regional Director, RID at 30-35. In particular, the administrative judge found that the 3-year gap in time between the appellant's 2011 disclosures and the 2014 nonselections was too remote to infer retaliation on the agency's part under the knowledge/timing test. RID at 31-32. She further found that the appellant failed to prove contributing factor, considering the strength of the agency's reasons for its actions, whether the whistleblowing was directed at the deciding officials, and whether the deciding officials had a motive to retaliate. RID at 33-35. Alternatively, the administrative judge found that the agency proved by clear and convincing evidence that it would not have selected the appellant absent his protected disclosures. RID at 35-38.

The appellant has filed a petition for review, arguing that the administrative judge erred in finding that disclosures (2), (3), (5), and (6) were not protected and that he failed to prove that his disclosures were a contributing factor in his nonselections. Petition for Review (PFR) File, Tab 1. The appellant also challenges the administrative judge's alternate finding that the agency proved by clear and convincing evidence that it would not have selected him as Region 5 Regional Director absent his protected disclosures. *Id.* The agency has filed a response to the petition for review and a cross petition for review, arguing that the administrative judge erred in concluding that disclosures (1) and (4) were

protected.[2]  PFR File, Tabs 3-4.  The appellant has filed a reply to the agency's response to his petition for review and a response to the agency's cross petition for review.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant failed to prove that disclosures (2), (3), and (5) were protected disclosures.</u>

To prove that a disclosure is protected, the appellant must prove by preponderant evidence[3] that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude that:  the alleged conduct occurred; and the alleged conduct evidences one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A). *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014).[4]  The test for protected status is not the truth of the matter disclosed but whether it was reasonably believed.  *Id.*

¶1   Regarding disclosures (2) and (3), the administrative judge found that the appellant did not prove by preponderant evidence that he made these alleged disclosures or that agency officials perceived him to be a whistleblower based on such alleged disclosures.  RID at 23-24.  The administrative judge determined that the appellant's supervisor made the disclosures, and the appellant was not present.  RID at 24.  On review, the appellant reiterates that disclosures (2) and (3) served as continuing reminders of disclosure (1) and that the appellant's supervisor was simply passing on the same information from the appellant during his conversations with the FPS Deputy Director and the Assistant Director for Field

---

[2] In light of our disposition of this appeal, we need not address the agency's arguments on cross petition for review.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

Operations (ADFO).  PFR File, Tab 1 at 12.  The administrative judge, however, found that the hearing testimony reflected that neither the FPS Deputy Director nor the ADFO attributed either conversation or its substance to the appellant. RID at 24.  She further noted that, because the appellant withdrew his supervisor as a witness, his supervisor did not testify as to the substance of his conversations with the FPS Deputy Director and the ADFO.  *Id.*

The appellant's conclusory arguments on review fail to address these findings, and we discern no error in the administrative judge's finding that the appellant failed to prove that disclosures (2) and (3) were protected disclosures. The administrative judge based her conclusion that the appellant failed to prove that the FPS Deputy Director and the ADFO perceived him to be a whistleblower at least in part on her assessment of their credibility and demeanor as witnesses, and the appellant has not proffered a sufficiently sound reason to set aside such findings.  RID at 24; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board is required to give deference to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on witness demeanor and the Board may not overturn such findings without sufficiently sound reasons for doing so); *see also Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 7 (2013) (stating that in "perceived as" cases, the focus is not on the appellant's perceptions or the disclosures themselves but on the agency's perceptions, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made disclosures).

Disclosure (5) concerned the appellant's comment to the Assistant General Counsel that the FPS Director had "lied to Congress about the Detroit IED issue." IAF, Tab 1 at 29.  According to the appellant, he believed that the FPS Director had lied to Congress by indicating that only PSOs not FPS personnel were responsible for the Detroit IED incident.  *Id.*  In particular, the appellant testified that the FPS Director's testimony was untruthful by omission because "he didn't

mention at all anything about FPS having any culpability or any responsibility." RF, Tab 36, Hearing Transcript at 37. The administrative judge found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable to the appellant would not have concluded that the FPS Director lied to Congress. RID at 29. She found that the FPS Director did not testify before Congress that FPS bore no responsibility for the incident and his congressional testimony was replete with instances in which he acknowledged and discussed FPS issues and the need for improvement. *Id.*

On review, the appellant asserts that an August 30, 2011 memorandum from the appellant's supervisor to the FPS Director, which outlines the background and timeline of events regarding the Detroit IED incident, supports the reasonableness of his belief that the FPS Director's testimony was false. PFR File, Tab 1 at 13. However, he fails to explain how the memorandum establishes any error in the administrative judge's findings or supports the reasonableness of his belief at the time he made the alleged disclosure on July 13, 2011. Moreover, the memorandum appears to support the FPS Director's testimony before the Board that he did not inform Congress that FPS employees were under investigation because the investigation had not been completed at the time of his testimony before Congress. RF, Tab 16 at 9; RID at 11. Thus, we find the appellant has not provided a basis to disturb the administrative judge's finding that he failed to prove that disclosure (5) was protected.

The administrative judge erred in finding that the appellant failed to prove that disclosure (6) evidenced protected disclosures.

Disclosure (6) is an August 30, 2011 memorandum from the appellant's supervisor to the FPS Director. RF, Tab 16 at 4. The appellant's name was included on the "ATTN" line. *Id.* The administrative judge found that the appellant was not the author of the memorandum because it was clearly identified as being from the appellant's supervisor and the appellant's signature next to his name on the "ATTN" line reflected only that he had received the memorandum.

RID at 27. She further found that the entire memorandum was written as if it were from the appellant's supervisor, largely using "I" instead of "We." *Id.* She also credited testimony of the FPS Director and Deputy Director that they perceived the memorandum to be from the appellant's supervisor. RID at 28. Thus, she found that any disclosures in the memorandum could not be attributed to the appellant. RID at 28.

On review, the appellant argues that the administrative judge erred in finding that disclosure (6) was not protected because it is inextricably intertwined with his protected disclosures to the extent the memorandum served to summarize all the events surrounding the Detroit IED incident. PFR File, Tab 1 at 13. We agree with the appellant that his supervisor's August 2011 memorandum to the FPS Director referenced the appellant's various actions in response to the Detroit IED incident. To the extent the memorandum included a copy of the appellant's March 22, 2011 email in which the appellant noted that 10 of the 47 PSOs involved in the Detroit IED incident had not received suitability determinations, RF, Tab 16 at 50-51, this formed the basis of disclosure (1), which the administrative judge properly found the appellant proved constituted a protected disclosure, RID at 24-25. Thus, the same protected disclosure had previously been communicated to the FPS Director and Deputy Director on March 23, 2011, when the appellant's supervisor forwarded it to them and was merely forwarded again on August 30, 2011, as an attachment to the appellant's supervisor's memorandum to the Director. Similarly, the August 2011 memorandum also referenced the appellant's disclosure (4), which pertained to the appellant's conversation with the FPS Director on May 18, 2011, during which the appellant disclosed that the March 18, 2011 incident could not have occurred without some fault on the part of FPS. RF, Tab 16 at 9. The administrative judge properly determined that the appellant proved that disclosure (4) was a protected disclosure. Thus, the administrative judge properly considered the substance of

protected disclosures (1) and (4), which were simply reiterated via the August 30, 2011 memorandum.

To the extent the appellant alleges that he disclosed that 224 PSOs in Region 5 did not have current suitability determinations and 172 of those 224 were improperly working on contracts in the region, we find that, unlike his alleged disclosures (2) and (3), the August 30, 2011 memorandum sufficiently attributed such a disclosure to the appellant. RF, Tab 16 at 6-7. Moreover, for the reasons explained by the administrative judge regarding the appellant's disclosure (1) that also related to PSOs not having up-to-date suitability determinations and given the circumstances under which the PSO who placed the IED in the Detroit facility was one of the 172 who had not received an appropriate suitability determination and who should not have been working on the contract, we find that such a disclosure evidences a reasonable belief of a substantial and specific danger to public health and safety. RID at 25-27.

<u>The administrative judge properly found that the appellant failed to show that his protected disclosures were a contributing factor in his nonselection for the Region 5 Regional Director position.</u>

On review, the appellant does not dispute the administrative judge's finding that he failed to prove contributing factor via the knowledge/timing test, and we discern no error in the administrative judge's analysis. In particular, the administrative judge found that the appellant's March and December 2014 nonselections occurred approximately 3 years after the appellant's March and May 2011 disclosures, which was too remote to satisfy the knowledge/timing test. RID at 31. Even considering the appellant's disclosures in the August 30, 2011 memorandum, the relevant personnel actions were still too remote to satisfy the knowledge/timing test. *See, e.g., Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding an approximate 2-year gap between disclosures and alleged retaliatory personnel actions too remote to satisfy the knowledge/timing test). On review, the appellant contends that the administrative judge erred in

limiting her analysis solely to the knowledge/timing test. PFR File, Tab 1 at 14. Contrary to the appellant's assertion, however, the administrative judge specifically considered additional factors such as the strength of the agency's evidence, whether the whistleblowing was personally directed at the deciding official, and whether the deciding official had a motive to retaliate. RID at 32-35. On review, the appellant also argues that the FPS Director's reasons for not selecting him, such as his failure to show a proper vision and that he had not had an opportunity to work under a good mentor, were weak.[5] PFR File, Tab 1 at 15-16.

The administrative judge found that the agency's evidence in support of its decision not to select the appellant for the positions was strong because the agency utilized a selection panel for both vacancies, neither panel recommended the appellant as one of the top-five candidates for either vacancy, and although the FPS Director and Deputy Director could have vetoed the selection by the panel, all of the evidence presented at the hearing indicated that such a scenario was extremely rare. RID at 33. Regarding the selection process, the administrative judge found that a selection panel reviewed and rated resumes and interviewed candidates and did not recommend the appellant for the position. RID at 12-13. Nonetheless, the FPS Director and Deputy Director declined to offer the position to the other candidates and thereafter elected to interview the appellant and one other internal candidate, even though they were not recommended by the selection panel. RID at 14. The FPS Director declined to offer either of them the position, and the position was readvertised. *Id.* A second selection panel reviewed resumes and conducted interviews, but they did not rank the appellant among the most qualified and did not recommend him for the position. RID at 15. The selection panel members for both vacancy

---

[5] He also argues that his whistleblowing was directed at the deciding official because he disclosed that the FPS Director was lying to Congress. PFR File, Tab 1 at 16. However, as set forth above, we discern no error in the administrative judge's finding that the appellant failed to prove that this was a protected disclosure.

announcements all testified that they were not aware of the appellant's protected disclosures, with the exception of one panel member, who did not testify at the hearing. RID at 12-15. The administrative judge credited their testimony and concluded that the selection panel's decision not to recommend the appellant for either vacancy provided strong evidence in support of the agency's reason for not selecting him. RID at 13, 15-16, 33.

The administrative judge further found that neither the selection panel members nor the FPS Director or Deputy Director evidenced a desire to retaliate against the appellant, noting that the appellant did not uncover or expose the backlog in suitability determinations and the record reflected that management was receptive to the information contained in the appellant's disclosures, routinely thanked him for his efforts following the Detroit IED incident, and took numerous steps to investigate the issues raised by the appellant and make changes for the better. *Id.* at 18-19, 33-34. Additionally, she considered that the appellant's disclosures could have reflected poorly on the agency as a whole but credited testimony of the FPS Director and Deputy Director that they wanted to be kept abreast of the Detroit IED incident and the suitability backlog and welcomed information on these topics. RID at 18-19, 34. The administrative judge further found that the appellant's whistleblowing was not directed at the members of the selection panels, the FPS Director, or the Deputy Director but rather, at the Region 5 employees who were under investigation as a result of the Detroit IED incident. RID at 34. Finally, she found that, although the appellant was not selected for the Regional Director position, he was offered a GS-15 Senior Advisor position in the spring of 2014, at the same time he claimed the agency was retaliating against him. RID at 34-35. Thus, the administrative judge concluded that the appellant's self-serving testimony that management was out to get him was inconsistent with the documentary evidence and the testimony of every other witness, except one, whose testimony she found not credible. RID at 20-21, 35.

As the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions, we discern no reason to reweigh the evidence or substitute the Board's own judgment on credibility issues. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (stating that the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore defer to these reasoned and explained credibility findings, which we find apply equally, even considering the appellant's protected disclosure (6). *See Haebe*, 288 F.3d at 1302.[6] Consequently, the administrative judge properly determined that the appellant failed to prove that his protected disclosures were a contributing factor in the agency's decision not to select him.

Notwithstanding her determination that the appellant failed to prove that his protected disclosures were a contributing factor in the agency's decision not to select him, the administrative judge alternatively found that the agency showed by clear and convincing evidence that it would not have selected the appellant absent his protected disclosures. RID at 35-38. Given her correct finding that the appellant failed to prove his prima facie case, it was inappropriate for the administrative judge to determine whether the agency proved by clear and

_____

[6] The appellant argues that the Board should not defer to the administrative judge's credibility determinations because she failed to resolve conflicting testimony regarding when the FPS Director and Deputy Director became aware of his protected disclosures. PFR File, Tab 1 at 14, 19-21. In particular, he contends that their testimony, in which they denied having any knowledge of his whistleblowing complaint prior to the nonselections at issue in this appeal, was inconsistent with his testimony that the Deputy Director participated in a mediation concerning his whistleblowing complaint less than 6 months prior to the first nonselection and the Director discussed his whistleblowing complaint with him approximately 4 months prior the first nonselection. *Id.* at 20. We find that these arguments do not constitute a sufficiently sound reason to overturn the administrative judge's credibility findings to the extent the administrative judge found that the Director and Deputy Director were aware of the appellant's disclosures at the time they made their decisions not to select him. RID at 31.

convincing evidence that it would not have selected the appellant absent his protected disclosures. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings that the agency proved by clear and convincing evidence that it would not have selected the appellant absent his whistleblowing.

Based on the foregoing, we affirm the initial decision, denying the appellant's request for corrective action.

### NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.